## No. 11,546.

### School District No. 2, Mesa County *v.* Osborn.

Decided June 1, 1926.

On motion to dismiss writ of error.

*Writ Dismissed.*

1.  Appeal and Error—*Moot Questions.* Questions which have become moot will not be considered on review.

2.  *Writ of Error—Dismissal.* A writ of error to review questions which have become moot, will be dismissed.

*Error to the District Court of Mesa County, Hon. Straud M. Logan, Judge.*

Messrs. Vincent, Vincent & Bowie, for plaintiff in error.

Messrs. McMullin, Sternberg & Helman, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

SCHOOL district No. 2 of Mesa county filed its petition in mandamus to compel the respondent Osborn, its president, to sign certain of its warrants drawn on the county treasurer, which it is alleged had been authorized by the board and signed by its secretary. The alternative writ was allowed and a demurrer thereto by the respondent was sustained. An amended alternative writ was then issued and traversed by the respondent, evidence was heard, the court made findings of fact and law in favor of the respondent and quashed the amended alternative writ. The petitioner has brought the case here on error. The defendant in error, the president of the board, has filed a motion to quash the writ on the ground that the questions involved have become settled and are now moot, and there is no longer such public interest involved that justifies the further maintenance or prosecution of the action, first, because every obligation for payment of which the school board sought by mandamus to compel the defendant in error to sign warrants has been duly and regularly allowed and warrants issued and drawn upon the county treasurer, which the latter has paid in full from the funds of the district; second, that at no time has the school board had any such interest in the payment of the claims in question as would authorize it to commence or maintain either in the trial court or in this court a mandamus proceeding against this respondent.

This controversy, it seems, arose out of an alleged vacancy in the office of a director and treasurer, Hurlburt, by reason of his absence from the district thirty consecutive days without leave of the board entered upon its minutes, and the attempted filling of the va-

cancy thus occasioned by the secretary or some other appointing power. The alleged successor in office of Hurlburt the treasurer, assumed to act as a member of the board in conjunction with the secretary and these two officials signed or countersigned the warrants in question and presented them to president Osborn for his signature which he declined to affix, whereupon this mandamus action was brought to compel Osborn to do so with the result as above stated. Affidavits of the respondent Osborn, and Hurlburt, director and treasurer of the board, were filed in support of this motion to dismiss, stating that each and every item of the indebtedness set forth in the amended alternative writ of mandamus has been allowed by the school board and warrants therefor have been duly drawn on the county treasurer and by him fully paid and satisfied. There is an affidavit also of the county treasurer that he has checked over the items set forth in the affidavits of the two school officers and that he as county treasurer has paid each and every warrant issued by Osborn and Hurlburt out of the funds of the school district. A counter-affidavit was filed by the secretary of the board, Mr. Hunter. It is clear therefrom that no material fact in the supporting affidavits of the respondent has been put in issue by the affidavit of Hunter. It contains the statement that none of the claims in question for which in the petition for the writ of mandamus relief is asked have been paid by any legally issued warrants or certificate of indebtedness of the school board, the point being that warrants which the county treasurer says he paid were not the warrants which the secretary himself drew, but were warrants signed by the president of the board and countersigned by the treasurer.

Section 8345, C. L. 1921, requires the president of a school board to sign all orders on the county treasurer and on the district treasurer for the payment of money. Section 8346 requires the secretary of the board to

draw and countersign all warrants or orders issued by the board. Section 8354 requires the treasurer to countersign all warrants. We are of the opinion that upon the showing made all the questions involved in this action have become moot. The only interest the school board had in the action was to have the indebtedness of the district paid so that the schools might be kept open. That has been done. If the county treasurer has seen fit to recognize and pay out of the funds of the district the claims against the district which the school board sought to have satisfied in this proceeding, the interests of the board and the public have been conserved by their payment through the treasurer upon warrants which he has recognized as the valid warrants of the school board and the creditors are satisfied and are not here complaining.

The trial court has determined in its judgment dismissing the amended alternative writ that the warrants in question which the county treasurer paid, were valid warrants of the district, drawn and signed and countersigned by the proper school officers. We do not pass upon that question here. We merely say that the questions have become moot by reason of the fact that the creditors, in whose interests chiefly the action was instituted, have received payment of their claims. Writ of error dismissed.

Mr. Chief Justice Allen and Mr. Justice Sheafor concur.